■ In the Matter of CHARLOTTE S. ERENEROL, Appellant, v. WILLIAM McCARTHY, Respondent.— In a proceeding supplementary to judgment, pursuant to statute (former Civ. Prac. Act, § 793), the petitioner (the judgment creditor) appeals from an order of the Supreme Court, Queens County, dated October 27, 1961, which denied her motion to direct the respondent (the judgment debtor) to pay her $15 a week on account in payment of a judgment for $15,184.74 entered January 15, 1960. Order reversed on the law and the facts, without costs; and motion granted to the extent of directing the respondent (judgment debtor) to pay to the judgment creditor the sum of $9 a week on account of the judgment; commencing 10 days after service upon the judgment debtor of a copy of the order entered hereon. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, as a seaman the judgment debtor was not exempt from the provisions of section 793 of the former Civil Practice Act (now CPLR 5205, subd. [e]; CPLR 5226). Section 601 of title 46 of the United States Code, which provides that a seaman's wages may not be reached by attachment or arrestment, is applicable only so long as the seaman's wages are in the hands of the employer. However, after the wages are paid, the judgment debtor himself upon receipt of the salary may be required to make installment payments, pursuant to the State statute (CPLR 5205, subd. [e]; CPLR 5226;

former Civ. Prac. Act, § 793; see *Matter of Reeves* v. *Crownshield*, 274 N. Y. 74). While wages are subject to *levy* by virtue of an execution, they are never subject to *levy and sale* by virtue of an execution, and they do not come within the prohibition of subdivision (a) of section 792 of the former Civil Practice Act which put beyond the reach of supplementary proceedings any property which is expressly exempt by law from *levy and sale* by virtue of an execution. In our opinion, under the circumstances disclosed by the debtor's examination and considering the reasonable requirements of the debtor and his family, an installment payment of $9 a week is justified. However, in view of the length of time which has elapsed since the judgment debtor's examination, the present fixation of the installment payments at $9 a week is without prejudice to any application by either party, pursuant to statute (CPLR 5231, subd. [g]; CPLR 5240), to increase or decrease such amount on the basis of the judgment debtor's current wage income. Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur.